UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAIGE LAINE KHYEL TAYLOR,**          **CASE NUMBER: 8:20-cv-687**

    **Plaintiff,**

vs.

**DEPUTY WAYNE WAGNER; and**
**SHERIFF BOB GUALTIERI,**
**in his official capacity as**
**Sheriff of Pinellas County;**

    **Defendants.**
_____/

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL**

**COMES NOW** the Plaintiff, PAIGE LAINE KHYEL TAYLOR ("TAYLOR"), and sues the Defendants, DEPUTY WAYNE WAGNER ("DEPUTY") and SHERIFF BOB GUALTIERI ("GUALTIERI"), in his official capacity as Sheriff of Pinellas County and alleges:

**GENERAL ALLEGATIONS**

1. This action arises from the wrongful arrest of TAYLOR by DEPUTY and otherwise from the use of unjustified, unnecessary and excessive force by the Defendant upon TAYLOR on March 25, 2016.

2. The damages sought in this action exceed $75,000, exclusive of interest, costs, and attorney's fees.

3. The § 768.28 Notice of Claim has been forwarded and served more than six (6) months ago on the Pinellas County Sheriff's Office and related entities.

4. Venue is proper in the Middle District of Florida because the wrongful arrest of TAYLOR and excessive force used by DEPUTY occurred in Pinellas County, Florida.

5. This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of TAYLOR's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

6. At all times material, Plaintiff TAYLOR is *sui juris* and was a resident of Pinellas County, Florida.

7. Defendant DEPUTY upon information and belief, is a resident of Pinellas County, Florida, and is *sui juris*. At all times material, DEPUTY was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Pinellas County Sheriff's Department. Defendant, DEPUTY, is sued in his individual capacity.

8. Defendant GUALTIERI is the Sheriff of Pinellas County and the constitutional officer to be sued for wrongful acts of sheriff's deputies. The Pinellas County Sheriff's Department is the local government entity that employed DEPUTY and was his employer when the attack upon TAYLOR occurred. Defendant, GUALTIERI, is sued in his official capacity only.

9. All conditions precedent to filing this suit have been satisfied, performed, waived, or otherwise satisfied.

## FACTS

10. On or about March 25, 2016, at approximately 9:30 p.m., TAYLOR was a passenger in a gold-colored 2005 Dodge Ram pickup truck operated in the city of St. Petersburg located in Pinellas County, Florida.

11. DEPUTY observed the vehicle driving down Gandy Boulevard, which was operated by Gage Moore, a friend of TAYLOR. DEPUTY turned on his lights and lawfully initiated a traffic stop on the vehicle based upon a check of NCIC/FCIC, which indicated the operator of the vehicle attached to the tag possessed an invalid Driver's License which was revoked. The driver of the vehicle, Moore, pulled off the roadway and into a Mobil gas station in compliance with police directives.

12. Defendant DEPUTY stopped his police car behind the vehicle, exited the police car and approached the car TAYLOR was in on the driver's side.

13. After asking for information from both TAYLOR and Moore, the driver of the vehicle, DEPUTY ordered Moore to exit the vehicle. Moore complied. DEPUTY obtained the Driver's License of TAYLOR for identification purposes. TAYLOR remained in the vehicle during the traffic stop and investigation into the status of the Driver's License of Moore. TAYLOR complied with all lawfully issued commands, and she posed absolutely no threat or risk to DEPUTY or the public at any time.

14. TAYLOR and Moore were unarmed and informed DEPUTY of same.

15. Moore was ultimately arrested on suspicion of Driving While License Suspended or Revoked – Habitual Traffic Offender. Moore was placed inside of DEPUTY'S vehicle in double-lock cuffs pending further processing.

16. TAYLOR was released from the scene by DEPUTY. Concurrently, the DEPUTY determined the vehicle was to be impounded post-arrest. TAYLOR asked DEPUTY to allow her use of the vehicle to return home for a number of reasons: (1) it was nighttime; (2) she was a lone female with no other means to return home; (3) she had been using the truck to move; and (4) she was not impaired in any manner. DEPUTY refused this request.

17. TAYLOR was seated in the driver's seat during the conversation with DEPUTY over whether she could take the vehicle to her home. DEPUTY stood outside the driver's-side window speaking to TAYLOR. DEPUTY was holding TAYLOR's Florida Driver's License, which she had given to him earlier.

18. After a lengthy discussion, DEPUTY refused to release the vehicle to TAYLOR and ordered her to exit the vehicle in preparation to impound the vehicle, and to find some other means to return home. DEPUTY held out TAYLOR's driver's license.

19. TAYLOR complied with lawful police directives by exiting the vehicle. She then shut the door. TAYLOR turned towards DEPUTY to retrieve her Driver's License from his outstretched hand. TAYLOR took her license back having concluded the interaction. TAYLOR turned away from DEPUTY to walk into the gas station to seek alternate means to go home.

20. Upon turning her back to DEPUTY, DEPUTY grabbed TAYLOR and swung her around by her arms and into the pick-up truck forcefully. DEPUTY further engaged TAYLOR physically from behind and utilized an arm-bar takedown leading to TAYLOR landing face-first onto the pavement with DEPUTY falling on top of her from behind. The situation is captured on store video surveillance that was played on the nightly news as shown below.

a. 

b. 



c.

21. TAYLOR was injured by DEPUTY, who used force against her without provocation.

22. At no point did TAYLOR physically resist DEPUTY's use of excessive force. TAYLOR did not attempt to strike DEPUTY. TAYLOR had not committed a crime when DEPUTY used force. As a result, the force was gratuitous and excessive.

23. TAYLOR was arrested and subsequently charged with (I) Battery of a Law Enforcement Officer and (II) Resisting an Officer with Violence. Charges were filed in Case No. 2016-CF-003265 (6th Jud Cir. 2016). TAYLOR pled not guilty to both charges.

24. Count II was administratively closed on April 12, 2016.

25. Count I was *nolle prossed* on August 12, 2016. The resolution was not entered pursuant to any plea agreement by TAYLOR.

26. As a result of these actions by DEPUTY, TAYLOR sustained numerous serious

injuries to her person, including a permanent impairment, and has suffered great emotional trauma and humiliation.

27. Upon information and belief, DEPUTY has been cited for or investigated for occasions of similar misconduct, and GUALTIERI had prior notice of the propensities of DEPUTY, but took no steps to prevent DEPUTY's abuse of authority or to discourage any unlawful use of his authority.

28. As a direct and proximate result of being thrown to the concrete pavement, Plaintiff's head and jaw joint contacted the pavement and sustained injuries. More specifically but not limited to:

    a. Injury to the Temporomandibular joint (TMJ) which creates pain in the muscles of mastication, facial pain, and ear pain and eye pain as well as headaches. She has pain on opening her mouth and on chewing foods. She sustained injury to her lower cervical spine with referred pain to other areas. She is required to wear oral repositioning appliance (ORA). She has one for day use and another while she sleeps. She has muscle spasm in the neck and upper back. After her jaw is repositioned, she will require phase II treatment consisting of a brace. She will require follow up dental treatment for the remainder of her life. She will have permanent limitations on opening her jaw and in chewing.

    b. Plaintiff sustained injury to the ligaments of the upper cervical spine where the skull rests upon the C-1 vertebra. The alar ligaments are damaged such that there is excessive motion of the C-1 vertebra on C-2 vertebra and this cuts off blood flow to the brain. She will require a fusion called C1-C2 lag bolts fixation (fusion) of the two vertebral bodies. Following surgery, she will be placed in a rigid neck brace. She will have permanent limitation in turning her head to the left or right.

She will also develop arthritic changes at a much young age in her neck from the C1 to C7-T1 junction.

## **COUNT I – SECTION 1983 EXCESSIVE USE OF FORCE AGAINST DEPUTY**

29. Plaintiff re-alleges the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. Defendant DEPUTY, under color of law, did intentionally touch or strike Plaintiff TAYLOR by slamming her against the side of the vehicle, and subsequently taking her forcibly to the ground. TAYLOR was not resisting DEPUTY's actions.

31. The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourth Amendment rights.

32. Defendant DEPUTY'S, use of excessive force was unnecessary because TAYLOR committed no crime, posed no threat to any deputies and was not resisting or fleeing any deputies.

33. Defendant DEPUTY failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

34. Defendant, DEPUTY use of force upon TAYLOR was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

35. As a direct and proximate result of violating Plaintiff's rights, TAYLOR suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment, attorney's fees to defend a false criminal charge, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

36. As a direct and proximate result of the aforementioned actions and omissions of the DEPUTY, Plaintiff, TAYLOR'S constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff seeks recovery from DEPUTY of all damages to which she may be entitled under federal law for the injuries and damages she sustained and which include, but are not limited to, the following:

   a. Physical Pain and Suffering of a past, present and future nature;

   b. Emotional Pain and Suffering of a past, present and future nature;

   c. Lost wages following surgery and the cost of medical treatment and surgery and follow-up medical treatment for the remainder of her lifetime.

   d. Permanent Impairment of a past, present and future nature;

   e. Loss of Enjoyment of Life of a past, present and future nature;

   f. Loss of Earning Capacity of a past, present and future nature;

   g. Punitive damages against Defendant, DEPUTY;

   h. Pre and Post-Judgment Interest;

   i. Statutory and Discretionary Costs;

   j. Attorney's fees;

   k. All such further relief, both general and specific, to which she may be entitled under the premises.

## COUNT II – SECTION 1983 FALSE ARREST
## CLAIM AGAINST DEPUTY

37. Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1- 28 above, and further alleges:

38. Plaintiff was unlawfully seized by Defendant, DEPUTY, through the intentional confinement of Plaintiff when Defendant placed her in handcuffs, in the back of his patrol car, and transported her to the Pinellas County Jail.

39. The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

40. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

41. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

42. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

43. As a direct and proximate result of the aforementioned actions and omissions of the DEPUTY, Plaintiff, TAYLOR'S constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff seeks recovery from DEPUTY all damages to which she may be entitled under federal law for the injuries and damages she sustained and which include, but are not limited to, the following:

    a. Emotional Pain and Suffering of a past, present and future nature;

    b. Loss of Enjoyment of Life of a past, present and future nature;

    c. Loss of Earning Capacity of a past, present and future nature;

    d. Punitive damages against Defendant, DEPUTY;

      e.      Pre and Post-Judgment Interest;

      f.      Statutory and Discretionary Costs;

      g.      Attorney's fees;

      h.      All such further relief, both general and specific, to which she may be entitled under the premises.

## STATE LAW CLAIMS

## COUNT III – STATE LAW FALSE ARREST AGAINST DEPUTY

## (BAD FAITH, WILLFUL AND WANTON)

44. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 28.

45. At all times relevant herein, Defendant, DEPUTY, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

46. Defendant, DEPUTY, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

47. The Defendant, DEPUTY's, actions were unreasonable and unwarranted under the circumstances.

48. As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, DEPUTY, the Plaintiff suffered from mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

49. As a direct and proximate result of the aforementioned actions and omissions of

DEPUTY, Plaintiff, TAYLOR, suffered injuries and damages. Plaintiff seeks recovery from DEPUTY of all damages to which she may be entitled under state law for the injuries and damages she sustained and which include, but are not limited to, the following:

    a.    Emotional Pain and Suffering of a past, present and future nature;

    b.    Permanent Impairment of a past, present and future nature;

    c.    Loss of Enjoyment of Life of a past, present and future nature;

    d.    Loss of Earning Capacity of a past, present and future nature;

    e.    Punitive damages against Defendant, DEPUTY;

    f.    Post-Judgment Interest;

    g.    Statutory and Discretionary Costs;

    h.    Attorney's fees;

    i.    All such further relief, both general and specific, to which she may be entitled under the premises.

## **COUNT IV**
## **FALSE ARREST – DEFENDANT, SHERIFF GUALTIERI**
## **(COURSE AND SCOPE OF EMPLOYMENT)**

50.    The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 28.

51.    Defendant, DEPUTY's, actions in holding Plaintiff against her will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, GUALTIERI.

52. The Defendant, DEPUTY, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

53. Alternatively to Count III, the actions of Defendant, DEPUTY, were performed in the course and scope of his employment with the Pinellas County Sheriff's Office and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

54. Upon information and belief, DEPUTY was employed by GUALTIERI and was acting in the course and scope of his employment at the time of the arrest. DEPUTY was in police uniform during this encounter. Further, the predicate offense of Battery on a Law Enforcement Officer which DEPUTY charged TAYLOR with has as an element that the law enforcement officer was engaged in performance of a lawful duty.

55. As a direct and proximate result of the acts of Defendant, DEPUTY, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in her being forced to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

56. Defendant, DEPUTY's, conduct is actionable against Defendant, GUALTIERI pursuant to § 768.28, Fla. Stat. (2016).

57. As a direct and proximate result of the aforementioned actions and omissions of GUALTIERI, Plaintiff, TAYLOR, suffered injuries and damages. Plaintiff seeks recovery from GUALTIERI of all damages to which she may be entitled under state law for the injuries and damages she sustained and which include, but are not limited to, the following:

    a. Emotional Pain and Suffering of a past, present and future nature;

    b. Permanent Impairment of a past, present and future nature;

  c. Loss of Enjoyment of Life of a past, present and future nature;

  d. Loss of Earning Capacity of a past, present and future nature;

  e. Post-Judgment Interest;

  f. Statutory and Discretionary Costs;

  g. Attorney's fees;

  h. All such further relief, both general and specific, to which she may be entitled under the premises.

### COUNT V
### STATE LAW BATTERY – DEFENDANT, DEPUTY
### (BAD FAITH, WILLFUL AND WANTON)

58. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 28 above, and further alleges:

59. The amount of force used by Defendant, DEPUTY, against Plaintiff, TAYLOR, was unreasonable and unnecessary for Defendant DEPUTY, to defend himself, or any other person from bodily harm during the encounter and apprehension of Plaintiff, TAYLOR.

60. The actions of Defendant, DEPUTY, by using excessive force constituted nonconsensual touch or strike battery causing personal injury of Plaintiff, TAYLOR, in violation of Florida law.

61. At all times hereto, Defendant, DEPUTY, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity.

62. As a direct and proximate result of the conduct of Defendant, DEPUTY, Plaintiff,

TAYLOR, suffered from bodily injury and resulting pain and suffering, disfigurement anguish and loss of capacity for the enjoyment of life. Plaintiff, TAYLOR'S, losses are either permanent or continuing and Plaintiff, TAYLOR, will suffer the losses in the future in violation of Plaintiff's rights.

63. As a direct and proximate result of the aforementioned actions and omissions of DEPUTY, Plaintiff, TAYLOR, suffered injuries and damages. Plaintiff seeks recovery from DEPUTY of all damages to which she may be entitled under state law for the injuries and damages she sustained and which include, but are not limited to, the following:

    a. Physical Pain and Suffering of a past, present and future nature;

    b. Emotional Pain and Suffering of a past, present and future nature;

    c. Permanent Impairment of a past, present and future nature;

    d. Loss of Enjoyment of Life of a past, present and future nature;

    e. Loss of Earning Capacity of a past, present and future nature;

    f. Punitive damages against Defendant, DEPUTY;

    g. Post-Judgment Interest;

    h. Statutory and Discretionary Costs;

    i. Attorney's fees;

    j. All such further relief, both general and specific, to which she may be entitled under the premises.

## COUNT VI
## STATE LAW BATTERY – DEFENDANT, GUALTEIRI
## FOR THE ACTIONS OF DEPUTY
## COURSE AND SCOPE OF EMPLOYMENT

64. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 28 above, and further alleges:

65. Defendant, DEPUTY, battered Plaintiff, TAYLOR, which is actionable against Defendant, GUALTIERI, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2013).

66. The use of force by Defendant, DEPUTY, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, DEPUTY, should have foreseen, in a harmful and offensive contact of Plaintiff, TAYLOR, against her will.

67. The battery/unnecessary force by Defendant, DEPUTY, against Plaintiff, TAYLOR, occurred during the course and scope of his employment as a deputy for the Pinellas County Sheriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

68. Upon information and belief, DEPUTY was employed by GUALTIERI and was acting in the course and scope of his employment at the time of the arrest. DEPUTY was in police uniform during this encounter. Further, the predicate offense of Battery on a Law Enforcement Officer which DEPUTY charged TAYLOR with has as an element that the law enforcement officer was engaged in performance of a lawful duty.

69. The actions of Defendant, DEPUTY, constituted nonconsensual touch or strike battery causing injury to Plaintiff, TAYLOR, in violation of Florida law.

70. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, DEPUTY, the Plaintiff, TAYLOR, suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish and loss of capacity for the enjoyment of life. Plaintiff, TAYLOR'S,

losses are either permanent or continuing and Plaintiff, TAYLOR, will suffer the losses in the future in violation of Plaintiff's rights.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 14th day of December 2020.

**MICHAEL P. MADDUX, P.A.**

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com
jsalter@madduxattorneys.com
ctonski@madduxattorneys.com


AND CO-COUNSEL

*s/ Michael J. Meksraitis*
Michael J. Meksraitis, Esq.
Florida Bar Number: 124090
Michael J. Meksraitis, Chartered
102 S. Westland Ave.
Tampa, FL 33606
Phone: 813-250-0885
Fax: 812-250-0897
Email: mjm@meksraitis.com