# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PAIGE LAINE KHYEL TAYLOR,

    Plaintiff,

v.                                      Case No: 8:20-cv-687-CEH-SPF

DEPUTY WAYNE WAGNER and
SHERIFF BOB GUALTIERI,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Sheriff Bob Gualtieri's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [Doc. 36], Plaintiff's Response in Opposition [Doc. 37], and Sheriff Gualtieri's Reply [Doc. 45]. Sheriff Gualtieri argues that sovereign immunity bars Plaintiff's claim against him and that those claims are not sufficiently pleaded. Having duly considered the submissions and being fully advised in the premises, the Court will **DENY** the Motion to Dismiss.

**I.    BACKGROUND**

    *a.  Facts[1]*

The facts giving rise to this action commenced around 9:30 p.m. on March 25, 2016. [Doc. 33 ¶ 10]. At that time, Plaintiff was traveling on Gandy Boulevard in

---

[1] The following statement of facts is derived from Plaintiff's Amended Complaint [Doc. 33], the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am, S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994 (11th Cir. 1983).

Pinellas County, Florida in a Dodge Ram pickup truck that was operated by her friend Gage Moore. *Id.* ¶¶ 10-11. Upon spotting the vehicle, Deputy Wayne Wagner ran a National Crime Information Center/Florida Crime Information Center ("NCIC/FCI") check and found that the tag was attached to a driver whose license was revoked. *Id.* ¶ 11. Based on this information, the Deputy activated his lights and initiated a traffic stop of the vehicle. *Id.* In complying with the Deputy's traffic stop, Moore pulled off the roadway and into a Mobil gas station. *Id.* Upon approaching the vehicle, the Deputy requested information from both Plaintiff and Moore and obtained Plaintiff's driver's license for identification purposes. *Id.* ¶ 13. He also ordered Moore to exit the truck, arrested him on suspicion of Driving While License Suspended or Revoked – Habitual Traffic Offender, handcuffed him, and placed him inside the patrol vehicle. *Id.* at ¶¶ 13, 15. Plaintiff remained in the truck as these events unfolded. *Id.* at ¶ 13. She allegedly complied with the Deputy's commands and did not pose a threat to either the Deputy or other persons. *Id.* In fact, the Deputy was allegedly informed that both Plaintiff and Moore were unarmed. *Id.* at ¶ 14.

Having then been allowed to leave the scene, Plaintiff asked the Deputy whether she might use the truck to drive home because it was nighttime, she was a lone female with no means to return home, she had been using the truck for moving, and she was not impaired. *Id*. at ¶ 16. The Deputy denied Plaintiff's request and ordered her to exit the truck as it was to be impounded. *Id*. at ¶ 18. She exited the truck, retrieved her driver's license from him, and turned to walk towards the gas station. *Id*. at ¶ 19. As

she turned to walk away, the Deputy allegedly grabbed her and forcefully swung her around by her arms and into the truck. *Id.* at ¶ 20. He then grabbed her from behind and implemented an arm-bar takedown. *Id*. This caused Plaintiff to land face-first onto the pavement and the Deputy to land on top of her.[2] *Id*. She was arrested and subsequently charged with (I) Battery of a Law Enforcement Officer and (II) Resisting an Officer with Violence. *Id*. at ¶ 23. Eventually, Count I was *nolle prossed*—not pursuant to a plea agreement—and Count II was administratively closed. *Id*. at ¶¶ 24-25. At no point during this encounter did Plaintiff physically resist or attempt to strike the Deputy. *Id.* ¶ 22.

### b. Procedural History

Plaintiff filed this action on March 24, 2020, against the Deputy and Sherriff Gualtieri. [Doc. 1]. On December 14, 2020, Plaintiff amended the complaint per order of the Court. [Doc. 33]. The Complaint alleges four counts against the Deputy and two against Sherriff Gualtieri in his official capacity as Sheriff of Pinellas County. *Id.* ¶¶ 8-9, 31-65. Count I alleges that the Deputy used excessive force against Plaintiff in violation of 42 U.S.C. § 1983.[3] *Id.* ¶¶ 29-36. In Count II Plaintiff asserts a claim against

---

[2] Video footage of the incident was captured by the gas station's surveillance cameras. (Doc. 33 at ¶ 20). Still images provided in the Complaint depict the takedown alleged by Plaintiff.

[3] Here, Plaintiff alleges that the Deputy violated her Fourth Amendment rights when he "slamm[ed] her against the side of the vehicle and forcibly took her to the ground." *Id.* ¶ 30. She alleges that the Deputy's use of force was "excessive" and "objectively unreasonable" because she had committed no crime, posed no threat to any deputies and was not resisting or fleeing any deputy. *Id.* ¶¶ 31-34.

the Deputy for false arrest in violation of 42 U.S.C. § 1983.[4] *Id.* ¶¶ 37-43. Count III is a state law false arrest claim against the Deputy.[5] *Id.* ¶¶ 44-49. Count IV asserts that Sherriff Gualtieri is vicariously liable for the Deputy's false arrest of her.[6] *Id.* ¶¶ 50-57. In Count V, Plaintiff asserts a battery claim against the Deputy.[7] *Id.* ¶¶ 58-63. Lastly, Count VI seeks to hold Sherriff Gualtieri vicariously liable for the battery allegedly committed by the Deputy.[8] *Id.* at ¶¶ 64-70.

---

[4] In this count, Plaintiff alleges that the Deputy violated her Fourth Amendment rights when he "unlawfully" arrested her without a warrant or arguable probable cause despite knowing the facts and circumstances and that she had committed or was committing no criminal offense. *Id.* ¶¶ 38-41.

[5] Plaintiff alleges that the Deputy acted with malice when he confined her to his patrol vehicle, and that these actions were unlawful because they were "unreasonable and unwarranted under the circumstances." *Id.* ¶¶ 45-47.

[6] In this count, Plaintiff alleges that the Deputy's arrest was "unlawful false imprisonment" because the Deputy knew or should have known that he had no legal justification to arrest her. *Id.* ¶¶ 51-52. Additionally, Plaintiff alleges that the Deputy's actions "were performed in the course and scope of his employment with the Pinellas County Sherriff's Office and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property." *Id.* ¶ 53. She further alleges that because the Deputy did *not* act in bad faith, with malice, or in a manner of wanton or willful disregard for her rights or safety, Sherriff Gualtieri should be held legally responsible in his capacity as the Deputy's employer. *Id.* ¶¶ 53-56.

[7] Here, Plaintiff alleges that the Deputy's use of excessive, unnecessary, and unreasonable force against her—who posed no threat—was a "nonconsensual touch or strike battery causing personal injury." *Id.* ¶¶ 59-60. Additionally, she states: "At all times hereto, Defendant, Deputy, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity." *Id.* ¶ 61.

[8] In this count, Plaintiff alleges that the Deputy committed a battery against her in violation of Florida law, "during the course and scope of his employment as a [D]eputy for the Pinellas County Sherriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety, and property." *Id.* ¶¶ 65, 67-68. Further, Plaintiff asserts that because the Deputy did *not* act in bad faith, with malice, or

Sherriff Gualtieri has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) and Florida Statutes § 768.28(9)(a). [Doc. 36]. First, he argues that it is inappropriate to include inconsistent factual allegations within a claim—as Plaintiff has done—and that as pleaded in the complaint, the Deputy's conduct is the very definition of malice, bad faith, or wanton and willful conduct, such that he is entitled to the protections of sovereign immunity under Florida Statutes § 768.28(9)(a). *Id.* at pp. 4-6. Plaintiff then addresses the battery claim in Count VI, arguing that even though pleading in the alternative is allowed, Plaintiff is not relieved from the requirement of pleading the necessary facts to state a claim and has not done so in this case. *Id.* at pp. 6-9. According to the Sheriff, the allegations that the Deputy was acting in the course and scope of his employment are fact-free formulaic recitations and the facts alleged reflect bad faith, malicious, and wanton conduct warranting application of sovereign immunity. *Id.* at pp. 8-9. He asserts the same argument to the claim for false arrest in Count IV, asserting that Plaintiff is limited in advancing alternative theories in this case where the factual allegations can only suggest malice or bad faith by the Deputy. *Id.* at pp. 9-11. Lastly, the Sherriff also requests the Court to strike Paragraph 27—which describes the Deputy's history of "similar misconduct" and "unlawful use of his authority"[9]—pursuant to Federal Rule

---

in a manner of wanton or willful disregard for her, Sherriff Gualtieri should be held legally responsible in his capacity as the Deputy's employer. *Id.* ¶¶ 65, 67-68.

[9] Plaintiff states that "[u]pon information and belief, DEPUTY has been cited for or investigated for occasions of similar misconduct, and GUALTIERI had prior notice of the propensities of DEPUTY, but took no steps to prevent DEPUTY's abuse of authority or to discourage any unlawful use of his authority."

of Civil Procedure 12(f) because the allegation is immaterial, impertinent and prejudicial. *Id.* at pp. 11-12.

In response, Plaintiff contends that while only the agency or employee can be liable, Rule 8(d)(2) of the Federal Rules of Civil Procedure allows a plaintiff to plead claims in the alternative. [Doc. 37 at pp. 2-3]. To this end, Plaintiff explains that alternative pleading has been employed with respect to the presence or lack of malice, which would determine whether liability is imposed solely on the Deputy or on the Sheriff. *Id.* at p. 6. Plaintiff further argues that all the actions undertaken by the Deputy were legally performed in the course and scope of his duties with the Pinellas County Sheriff's Office and the intent can only be revealed once discovery is conducted on the issue. *Id.* at pp. 4, 6. As to the request to strike, Plaintiff contends that paragraph 27 is pertinent and goes directly to whether the actions of the Deputy were conducted in the course and scope of his employment with the Sheriff's Office. *Id.* at p. 7. Plaintiff contends that Paragraph 27 should not be stricken because if Sheriff Gualtieri was aware that the Deputy engaged in similar actions in the past, the Deputy may have inferred from Sheriff Gualtieri's inaction that the Sherriff agreed with his conduct and that it was within the scope of employment. *Id.* at p. 7.[10]

---

[10] Plaintiff has indicated that he would request leave to amend Paragraph 27 should discovery reveal further information regarding the Sheriff's knowledge of the Deputy's propensities to act in a similar fashion. *See id.*

Sherriff Gualtieri filed a reply, again addressing sovereign immunity, the sufficiency of the claims against him, and his request to strike paragraph 27. [Doc. 45]. He argues the facts alleged can only suggest malice or bad faith by the Deputy such that sovereign immunity bars the claims against him. *Id.* at pp. 4-5. Specifically, he argues that a reasonable inference in Plaintiff's favor is that the video shows an unprovoked, gratuitous, and excessive use of force by the Deputy, who still falsely arrested Plaintiff. *Id.* at p. 3. The Sheriff also noted that the Court has discretion in striking a paragraph and that the Deputy has denied ever being investigated for an improper use of force or falsifying an arrest report in his sworn responses to interrogatories, and has admitted being terminated by the Sheriff for the incident with Plaintiff. *Id.* at p. 5.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). However, legal conclusions "are not entitled to the assumption of truth" and "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *McArdle v. City of Ocala*, 418 F. Supp. 3d 1004, 1006 (M.D. Fla. 2019) (first quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), then quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)). When considering a motion to dismiss, the court ordinarily will not look beyond the four corners of the

complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "[T]he . . . court may [also] consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). This standard is satisfied when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). By contrast, dismissal is appropriate when "no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1305, 1308 (11th Cir. 2006) (quoting *Marshall Cty. Bd. Of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).[11]

As to striking a statement from a pleading, Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored "unless the allegations have no possible relation to the controversy and may

---

[11] Generally, a court "must give a plaintiff at least one opportunity to amend the complaint before dismissing the action with prejudice." *Smith v. City of Fort Pierce*, No. 2:18-CV-14147, 2018 WL 5787269, at *5 (S.D. Fla. Nov. 5, 2018).

cause prejudice to one of the parties." *Poston v. Am. President Lines, Ltd.*, 425 F. Supp. 568, 570 (S.D. Fla. 1978).

### III. ANALYSIS

The Sheriff has raised arguments as to the sufficiency of the claims against him and his entitlement to immunity pursuant to Florida Statutes § 768.28(9). In fact, he argues that there are no facts supporting the claims against him, that the facts alleged show that the Deputy acted in bad faith and therefore outside the course and scope of his employment, and that because of this the alternatively pleaded claims against him are barred by sovereign immunity. The Court will first assess the propriety of Plaintiff's alternative claims and sufficiency of the claims against the Sheriff and will then address whether sovereign immunity bars the claims. To the extent the claims are not barred, the Court will then consider whether paragraph 27 should be stricken.

*Alternative Pleadings*

"Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). According to the rule "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Additionally, "[a] party may state as many separate claims . . . it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Our courts have long held that "separate counts

9

of the complaint must be read separately." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006).

Florida law is clear that a political subdivision may be held liable for the intentional act(s) of its employee as long as the employee is acting within the course and scope of his employment and the act or omission is not committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of the plaintiff's rights. *City of Boynton Beach v. Weiss*, 120 So. 3d 606, 611 (Fla. 4th DCA 2013) (citing *City of Miami v. Simpson,* 172 So.2d 435 (Fla.1965)). Conduct of an employee is within the course and scope of employment when it (1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." *Goss v. Hum. Servs. Assocs., Inc.*, 79 So. 3d 127, 132 (Fla. 1st DCA 2012) (citing *Sussman v. Fla. E. Coast Props., Inc.,* 557 So.2d 74, 75–76 (Fla. 3d DCA 1990)).

Having reviewed the complaint, the Court finds that the claims against the Sheriff pass muster under Rule 8. The complaint alleges, generally, that the claims arise out of the Deputy's traffic stop of the vehicle Plaintiff was traveling in and his decision to impound the vehicle after the driver was arrested. [Doc. 33 ¶¶ 11-13, 15, 18]. The Deputy refused to release the vehicle to Plaintiff and when she turned to walk away after their interaction was concluded, he engaged her physically from behind and utilized an arm-bar takedown causing her to land face-first onto the pavement. *Id.* ¶¶ 18-20. He arrested Plaintiff and she was subsequently charged with (i) Battery of a Law

Enforcement Officer and (ii) Resisting an Officer with Violence. *Id.* ¶ 23. The complaint also alleges that the Sherriff had notice of the Deputy's propensities, but took no steps to prevent or discourage the Deputy's abuse or unlawful use of his authority. *Id.* ¶ 27. In the Counts against the Sherriff, Plaintiff specifically alleges that the actions of the Deputy were performed or occurred during the course and scope of his employment with the Pinellas County Sheriff's Office and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property. *Id.* ¶¶ 53-54, 67-68. The allegations of the complaint sufficiently state a claim for relief against the Sherriff for the acts of the Deputy.

Moreover, there is no merit to the Sherriff's claim that the allegations of the complaint depict the Deputy's conduct as malicious, in bad faith, or wanton and in willful disregard of human rights, safety, or property such that his acts are outside the course and scope of his employment. Again, Rule 8 expressly allows Plaintiff to assert alternative and inconsistent claims against the Sherriff and the Deputy, and when read separately, the counts against the Sherriff allege acts within the course and scope of the Deputy's employment with the Pinellas County Sherriff's Office. Additionally, the Court disagrees that the allegations of the complaint are fact-free and formulaic. The complaint provides specific details as to what led up to the incident giving rise to this lawsuit and the acts of the Deputy, which reflect that he was conducting his duties as an employee of the sheriff's office. More specifically, he conducted a traffic stop, determined there was a violation of Florida law, and conducted an arrest. He then decided to impound the vehicle, denied Plaintiff's request to release the vehicle to her,

and following his interaction with her, engaged her in an arm-bar take down, after which he arrested her. These facts are sufficient to state a claim for course and scope liability.

*Sovereign Immunity*

Sherriff Gualtieri argues that he is entitled to sovereign immunity under Florida Statutes § 768.28(9), which protects the state and its subdivisions from liability when an officer's actions were "outside the course and scope" of his employment or were committed "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. That section states:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . *The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.*

Fla. Stat. § 768.28(9)(a) (emphasis added); *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015) (same). "The Florida Supreme Court has confirmed that § 768.28(9)(a) provides immunity from suit rather than simply liability." *Alexandre v. Ortiz*, 789 F. App'x 169, 176 (11th Cir. 2019) (citing *Keck v. Eminisor*, 104 So. 3d 359, 366 (Fla. 2012)). Because Plaintiff has sufficiently alleged that the Deputy was acting within the course and scope of his employment with the

Pinellas County Sherriff's Office, the claims against the Sherriff are not barred by sovereign immunity. As Florida's Supreme Court has explained, the employing agency is immune as a matter of law only if the acts are so extreme as to constitute a clearly unlawful usurpation of authority the deputy does not rightfully possess or if there is not even a pretense of lawful right in the performance of the acts. *McGhee v. Volusia Cty.*, 679 So. 2d 729, 733 (Fla. 1996).

*Striking Allegations*

Sherriff Gualtieri has also asked the Court to strike paragraph 27 of the Complaint as irrelevant and impertinent. [Doc. 36 at pp. 11-12]. That paragraph provides:

> Upon information and belief, DEPUTY has been cited for or investigated for occasions of similar misconduct, and GUALTIERI had prior notice of the propensities of DEPUTY, but took no steps to prevent DEPUTY's abuse of authority or to discourage any unlawful use of his authority.

[Doc. 33 ¶ 27]. Plaintiff, however, contends that these allegations are pertinent as they go to whether the actions of the Deputy were conducted in the course and scope of the Deputy's employment with the Pinellas County Sheriff's Office, because if similar actions have in fact occurred before, an inference can be made that the Sherriff agreed with the Deputy's conduct. [Doc. 37 at p. 7].

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. This Court has previously stated that striking matters from a pleading is a drastic remedy and is disfavored. *See Thompson v. Kindred Nursing Centers*

13

*E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002); *Hill v. State Farm Ins. Co.*, 181 F. Supp. 3d 980, 988 (M.D. Fla. 2016). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *S.Y. v. Naples Hotel Co.*, No. 2:20-CV-118-JES-MRM, 2020 WL 4504976, at *5 (M.D. Fla. Aug. 5, 2020) (quoting *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008)). "It is not intended to procure the dismissal of all or part of a complaint." *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020) (quotation omitted). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *Antoine v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-CV-379-DNF, 2019 WL 913358, at *2 (M.D. Fla. Feb. 25, 2019) (stating same).

Upon review of the complaint, it cannot be said that the allegations of paragraph 27 bear no relationship to the controversy presented. In fact, it appears that the allegations of similar conduct in the past by the Deputy and knowledge of such conduct by Sherriff Gualtieri go to the issue of whether the Deputy could have had reason to believe that such conduct was impliedly allowed or approved by Sherriff Gualtieri, for purposes of vicarious liability. Moreover, Sherriff Gualtieri contends, but fails to explain how or in what way the allegation is prejudicial. As such, Sherriff Gualtieri has not sufficiently demonstrated a basis for striking paragraph 27 of the Complaint.

Accordingly, it is hereby **ORDERED**:

1. The Motion of Sheriff Gualtieri to Dismiss Plaintiff's Amended Complaint with Prejudice [Doc. 36] is **DENIED**.

2. Defendant Sherriff Gualtieri shall answer the Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties