UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAIGE LAINE KHYEL TAYLOR,

    Plaintiff,

v.                                     Case No.:    8:20-cv-00687-CEH-SPF

DEPUTY WAYNE WANGER, et al.,

    Defendants.
_____/

### SHERIFF BOB GUALTIERI'S PARTIAL MOTION TO RECONSIDER THE SUMMARY JUDGMENT ORDER REGARDING COUNT IV

COMES NOW, Defendant, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, (hereafter "PCSO") by and through the undersigned counsel and files this Partial Motion to Reconsider the Summary Judgment Order Regarding Count IV pursuant to FED. R. CIV. P. 59(e). Specifically, Defendant respectfully requests reconsideration of that portion of the Order [Doc.72 at pp.16-21] which denied its rightful entitlement to sovereign immunity from the "battery on a law enforcement officer" charge regarding Plaintiff's state law claim for false arrest contained within Count IV of her Amended Complaint and also denied PCSO a favorable ruling as to the false arrest claim in its entirety, and states as follows:

### RECONSIDERATION STANDARD OF REVIEW

This Motion for Reconsideration is to be governed by FED. R. CIV. P. 59(e) as it has been filed within 28 days from the date of submission of this Honorable Court's Order at issue. *National Sourcing, Inc. v. Bracciale*, Case No. 8:17-cv-1950,

2018 WL 6172430, at *1 (M.D. Fla. Nov. 26, 2018) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

"A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment." *Yellowpages Photos, Inc. v. YP, LLC,* Case No. 8:17-cv-764, 2020 WL 1674329, at *2 (M.D. Fla. Jan. 8, 2020) (quoting *Arthur*, 500 F.3d at 1343-44).

Based on these standards, this Honorable Court has previously granted reconsideration upon reviewing a discrete issue not sufficiently briefed by the parties in the underlying motions. *National Sourcing*, 2018 WL 6172430 at *4 (citing *Lock v. City of W. Melbourne, Fla.*, Case No. 6:12-cv-680, 2014 WL 12693740, at *2 (M.D. Fla. May 28, 2014)). Three such issues exist in this matter, which are: (1) a single false arrest claim cannot be split in half and analyzed by each subpart separately; (2) a false arrest analysis must be conducted by an objective standard, not a subjective one; and (3) Plaintiff's concession that probable cause existed, which she made at summary judgment for the first time in this matter, warranted consideration and a favorable judgment.

PCSO submits that this Motion for Reconsideration is appropriate in order to allow this Honorable Court an opportunity to correct these manifest errors of law; most notably because these errors resulted in PCSO being partially denied its rightful entitlement to sovereign immunity at summary judgment. *Id.*

## MEMORANDUM OF LAW IN SUPPORT

Sovereign immunity presents a special concern that a party raising the defense should not be subjected to the burdens of litigation before the defense has been decided. *Bouchard Trans. Co. v. Fla. Dept. of Envir. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "In Florida, sovereign immunity is both an immunity from liability and an immunity from suit." *Florida Highway Patrol v. Jackson*, 288 So.3d 1179, 1185 (Fla. 2020). Importantly, the benefit of this immunity is effectively lost if the agency entitled to assert it is required to go to trial. *Furtado v. Yun Chung Law*, 51 So.2d 1269, 1277 (Fla. 4th DCA 2011) (citing *Willingham v. City of Orlando*, 929 So.2d 43, 48 (Fla. 5th DCA 2006)).

In Florida, "sovereign immunity is the rule, rather than the exception." *Pan-Am Tobacco Corp., d/b/a Pan-Am Vend-Tronics v. Dept. of Corr.*, 471 So.2d 4 (Fla. 1984) Thus, "a waiver of sovereign immunity should be strictly construed in favor of the state, and against the claimant." *Tampa-Hills. Cnty. Expressway Auth. v. K.E. Morris Align. Svc.*, 444 So.2d 926, 928 (Fla. 1983). When the language of a statute is "clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning and the courts are without power to construe an

unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications." *Velez v. Miami-Dade Police Dept.*, 934 So.2d 1162, 1164-65 (Fla. 2006).[1]

§768.28, Fla. Stat., provides the parameters of the statutory waiver of sovereign immunity and must be strictly construed. *Smart v. Monge*, 667 So.2d 957, 959 (Fla. 2d DCA 1996). The plain language of Florida's Doctrine of Sovereign Immunity in accordance with §768.28(9)(a), Fla. Stat., reveals that a governmental entity is liable for any act of its employee "unless such act was committed outside the course and scope of one's employment *or* **unless the actor was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard**..." *Richardson v. City of Pompano Beach*, 511 So.2d 1121, 1123 (Fla. 4th DCA 1987) (emphasis added).

"These two bases should remain distinct, as a finding of one will revoke the waiver of sovereign immunity." *McGhee v. Volusia Cnty.*, 679 So.2d 729, 734 (Fla. 1996) (Wells, J., concurring). Thus, "Florida's sovereign immunity statute renders the liability of the officers and their respective employers mutually exclusive." Therefore, "either the officer, or the employer, or neither is liable to the Plaintiff, but both cannot be liable to the Plaintiff." *Perez v. School Bd. of Miami-Dade*, 917 F.Supp.2d 1261, 1268 (S.D. Fla. 2013).

---

[1] "Judges are not meant to be fixers of statutory omissions and have no authority to fill statutory voids or enlarge the domain of statutes already adopted." *Limbaugh v. State*, 887 So.2d 387, 395 (Fla. 4th DCA 2004) (citing *Holly v. Auld*, 450 So.2d 217 (Fla. 1984)).

Specific to this matter, arresting subjects without probable cause by fabricating evidence, making false statements and/or material omissions constitutes conduct that can only be described as "committed in bad faith or with malicious purpose," for which PCSO is sovereignly immune and shall never be held liable. *Casado v. Miami-Dade Cnty.*, 340 F.Supp.3d 1320, 1330 (S.D. Fla. 2018) (citing *Alicea v. Miami-Dade Cnty.*, Case No. 13-cv-21549, DE# 95 (S.D. Fla. Oct. 25, 2014)).

PCSO, like the State of Florida, is sovereignly immune from tort liability unless immunity is expressly waived by statutes. *Seguine v. City of Miami,* 627 So.2d 14, 16 (Fla. 3d DCA 1993). PCSO affirmatively states that it has never waived sovereign immunity nor consented to suit for the acts of Defendant Wagner (or any other deputy) against Plaintiff (or any other person) that were committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard.

PCSO submits that sovereign immunity must be granted as to Plaintiff's false arrest claim in its entirety as a matter of law for the reasons set forth below.

### A. *Plaintiff's False Arrest Claim Cannot be Parsed and Judged by Individual Charges*

In Florida, a false arrest is "the unlawful restraint of a person against his will, the gist of which is the unlawful detention of the plaintiff and the deprivation of his liberty." *Maybin v. Thompson*, 606 So.2d 1240, 1241-42 (Fla. 2d DCA 1992) (citing *Johnson v. Weiner,* 155 Fla. 169 (Fla. 1944)). Florida's Doctrine of Sovereign Immunity allows for liability against PCSO for each wrongful act of its employees

per §768.28(1), Fla. Stat.² Further, each claim must "arise out of" the "same incident or occurrence" per §768.28(5), Fla. Stat.

As utilized in section 768.28(5), "incident" means "an individual occurrence or event" while an "occurrence" means "something that takes place." The object referred to as "arising out of" is Plaintiff's claim because it did not accrue until the completion of the last element of the cause of action. *Barnett v. Dept. of Fin. Svcs.*, 303 So.3d 508, 514-5 (Fla. 2020). Ultimately, Plaintiff's single claim for false arrest against PCSO accrued on March 25, 2016 at the moment that Defendant Wagner restrained her and deprived her of her liberty [Doc.33 at pg.3, ¶10].

Even though Plaintiff never asserted that her false arrest claim against PCSO should have been broken into equal parts at summary judgment [Doc.62 at pp.14-18], this Honorable Court still analyzed her arrest by each individual charge [Doc.72 at pp.18-20] instead of by the arrest as a whole. However, no Florida or Eleventh Circuit jurisprudence allows for splitting up a false arrest claim into subparts and making an individual determination as to each announced charge.³

If such analysis was permissible, then probable cause for any charge would not render the entire arrest lawful. *Blanding v. State*, 446 So.2d 1135, 1136 (Fla. 3d

---

² Unless the employees' acts were "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights", to which PCSO is sovereignly immune per section 768.28(9)(a).

³ Conversely, a plaintiff who was arrested on two separate dates for two separate violations of a town ordinance properly brought two counts of malicious prosecution and two counts of false imprisonment. *Pierce v. Town of Hastings*, 509 So.2d 1134, 1136 (Fla. 5th DCA 1987) ("[t]he facts are undisputed that Pierce was arrested on two separate occasions, thus constituting two 'incidents' or 'occurrences'").

DCA 1984); *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1119 n.4 (11th Cir. 1992) ("[t]he validity of an arrest does not turn on the offense announced by the officer at the time of the arrest")); *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (quoting *United States v. Sanders*, 476 F.2d 5, 7 (5th Cir. 1973) ("[w]hen an officer makes an arrest, which is supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest").

Therefore, an entire arrest is lawful once probable cause for any charge (announced or not) exists – not just part of it. Likewise, once sovereign immunity attaches to an arrest, then it attaches to the entire arrest – not just part of it. §768.28(9)(a), Fla. Stat., clearly and unequivocally grants PCSO sovereign immunity for the acts of Defendant Wagner that were "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard" to Plaintiff's rights.

The "act" committed in bad faith, with malice or in wanton and willful disregard by Defendant Wagner against Plaintiff was the unlawful restraint and deprivation of her liberty from this single arrest at issue.[4] As found at summary judgment, "[n]o reasonable jury could find that Wagner did not act in bad faith, with

---

[4] In addition, if Plaintiff was arrested more than once, then she would have been subjected to multiple criminal cases. However, her Amended Complaint shows that this single arrest was prosecuted under one case, which was numbered 2016-cf-003265 [Doc.33 at ¶23]. Furthermore, Plaintiff admitted that this was the only time she has ever been arrested [Doc.54-2 at pg.23, ln.3-6], thereby making multiple false arrest claims impossible under any scenario.

malice, or in a manner exhibiting wanton and willful disregard of Plaintiff's rights, safety, and property" [Doc.72 at pg.20] based on the unrefuted evidence.[5]

Thus, sovereign immunity protects PCSO from Plaintiff's entire false arrest claim, not half of it. As such, PCSO respectfully submits that partial reconsideration is due to this Honorable Court's analysis of Plaintiff's false arrest claim in Count IV of her Amended Complaint at summary judgment, which must result in granting sovereign immunity in favor of PCSO as to the entire claim as a matter of law.

### B. *A Dual Analysis of Plaintiff's False Arrest Claim Led to Inconsistent Findings*

This Honorable Court correctly found that "sovereign immunity bars the false arrest claim for resisting an officer with violence" [Doc.72 at pp.19-20]. In support, this Honorable Court went on to correctly reason that:

> "[n]o reasonable jury could find that Wagner did not act in bad faith, with malice, or in a manner exhibiting wanton and willful disregard of Plaintiff's rights, safety, and property. The unrefuted evidence shows that Plaintiff did not resist Wagner with violence. As such, Sheriff Gualtieri is entitled to summary judgment based on sovereign immunity as to this aspect of the claim for false arrest" [Doc.72 at pg.20].

Nonetheless, this Honorable Court partially declined to grant sovereign immunity as to Plaintiff's state claim for false arrest regarding Defendant Wagner's charge for "battery on a law enforcement officer" [Doc.72 at pg.19].

PCSO respectfully submits that this ruling is fundamentally flawed and constitutes a manifest error in the law for three separate reasons. First, a false arrest

---

[5] This Honorable Court properly found that the evidence is uncontroverted that Plaintiff did not shove Defendant Wagner and that he admitted that the video does not show a shove [Doc.72 at pp.13, 14 & 18].

is subject to an objective reasonableness test, not a subjective "perception" test as utilized by both Plaintiff and this Honorable Court at summary judgment. Second, the unrefuted evidence at summary judgment shows that the entire arrest was made with "malice, bad faith or wanton and willful disregard" entitling PCSO to sovereign immunity. Third, if Plaintiff concedes that Defendant Wagner had probable cause to arrest her, then the claim must also be dismissed – irrespective of PCSO's rightful entitlement to sovereign immunity.

1. *Improper Test Used to Determine Probable Cause*

"A probable cause determination considers whether the ***objective* facts *available*** to the officer ***at the time of the arrest*** were sufficient to justify a reasonable belief that an offense was being committed." *Lozman v. Riviera Beach*, 39 F.Supp.3d 1392, 1409 (S.D. Fla. 2014) (citing *United States v. Gonzalez*, 969 F.2d 999, 1003 (11th Cir. 1992)) (emphasis added). "Because it is objective, the ***determination is made without regard to the individual officer's subjective*** motive or ***belief*** as to the existence of probable cause." *Id.* (emphasis added).

At summary judgment, Plaintiff asserted that "[t]his ***arrest was based on Deputy Wagner's perception that night***, Ms. Taylor pushed him" [Doc.62 at pg.17]. This Honorable Court then ruled that "[a] jury may very well believe Wagner's testimony that he felt something on his chest and ***perceived that Plaintiff had pushed him***, such that he had probable cause to arrest her – though mistaken" [Doc.72 at pg.19].

Consequently, both Plaintiff and this Honorable Court relied upon the unrefuted and objective evidence as to half of the false arrest claim (resisting with violence), but then relied upon Defendant Wagner's wholly contradicted, mistaken and subjective belief as to the other half (battery on a law enforcement officer). However, doing so was legally improper because only the objective facts that were available to Defendant Wagner that night are to be considered. *Id.*

Those objective, available and unrefuted facts come from the surveillance video which undoubtedly shows that "Plaintiff did not shove Wagner, and Wagner admitted that the video did not show her shoving him" [Doc.72 at pg.18] and also shows that "Plaintiff did not resist Wagner with violence" [Doc.72 at pg.20].

Defendant Wagner's admittedly false and subjective belief should, therefore, have had no bearing at summary judgment because "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *White v. Georgia*, 308 F. App'x 796, 798 (11th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

Furthermore, the uncontradicted surveillance video in conjunction with Defendant Wagner's admission that the video does not show Plaintiff shoving him cannot be ignored by this Honorable Court at summary judgment. *Fennell v. Gilstrap,* 559 F.3d 1212, 1215 n.3 (11th Cir. 2009) *abrogated on other grounds by Crocker v. Beatty*, 995 F.3d 1232 (11th Cir. 2021). Hence, as properly found by this Honorable Court, "[n]o reasonable jury could find that Wagner did not act in bad faith, with malice, or

in a manner exhibiting wanton and willful disregard of Plaintiff's rights, safety, and property" [Doc.72 at pg.20].

Such conduct requires granting sovereign immunity to PCSO. *Casado*, 340 F.Supp.3d at 1330. As such, PCSO respectfully submits that partial reconsideration is due to this Honorable Court's analysis of Plaintiff's false arrest claim in Count IV of her Amended Complaint at summary judgment, which must result in granting sovereign immunity in favor of PCSO as to the entire claim as a matter of law.

2. *The Unrefuted Evidence Requires a Finding of Sovereign Immunity*

PCSO is entitled to sovereign immunity because Defendant Wagner arrested Plaintiff by making false statements in his arrest report that he subsequently made again over a month later in his supplement after reviewing and relying upon the surveillance video, which he admits shows no shove in contradiction to his arrest report supplement. Such conduct can only be described as "committed in bad faith or with malicious purpose," for which PCSO is sovereignly immunity and, therefore, cannot be held liable as previously discussed at length. *Id.*

Thus, the same undisputed evidence consisting of the arrest report, arrest report supplement and Mobil video, which led this Honorable Court to find that PCSO is entitled to sovereign immunity from Defendant Wagner's unlawful arrest because Plaintiff never resisted him, is the same undisputed evidence that also shows

that Plaintiff never shoved him. Therefore, as previously shown, the analysis for this arrest cannot be split in half and determined by different standards.[6]

Accordingly, once Defendant Wagner fabricated evidence to effect Plaintiff's arrest, it was made in bad faith or with malicious purpose or in willful and wanton disregard to her rights; regardless of how many charges were brought. As such, PCSO respectfully submits that partial reconsideration is due to this Honorable Court's analysis of Plaintiff's false arrest claim in Count IV of her Amended Complaint at summary judgment, which must result in granting sovereign immunity in favor of PCSO as to the entire claim as a matter of law.

3. <u>Plaintiff Conceding Probable Cause Requires a Favorable Judgment to PCSO</u>

In footnote 11 of the Order [Doc.72 at pg.16], this Honorable Court declined to address an argument made by PCSO in its summary judgment Reply [Doc.66 at pp.9] because it was not raised in the initial summary judgment Dispositive Motion [Doc.55]. The argument centered around Plaintiff's assertion in her summary judgment Response that "[t]his arrest was based on Deputy Wagner's perception that night, Ms. Taylor pushed him, and ***that would provide the valid legal basis to arrest*** her for battery on a law enforcement officer" … "Deputy Wagner perceived the push and therefore ***had a colorable basis to make the arrest***" [Doc.62 at pg.17]. For the first time

---

[6] Even if it were allowed, then the same ***objective*** standard requires that both charges were brought by Defendant Wagner in bad faith, with malice, or in a manner exhibiting wanton and willful disregard because they were both fabricated and contrary to the objective surveillance video evidence that was available to him at the time of the arrest.

in this case Plaintiff conceded probable cause, thereby making a probable cause defense an issue in controversy at summary judgment.

Therefore, in its summary judgment Reply, PCSO addressed this new issue as instructed to do by the Case Management and Scheduling Order. At the outset of this matter, this Honorable Court instructed the parties that any summary judgment reply "shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion" [Doc.15 at pg.6(H)(1)].

Therefore, PCSO properly responded to this novel argument first raised by Plaintiff at summary judgment; an issue that PCSO could not predict nor had any obligation to raise preemptively. *Stewart-Patterson v. Celebrity Cruises, Inc.*, Case No. 12-cv-20902, 2012 WL 5997057, at *2 (S.D. Fla. Nov. 30, 2012) (cannot strike evidence filed with a summary judgment reply brief that "merely respond[s] to arguments and issues raised in [the] plaintiff's opposition); *see also Giglio Sub s.n.c. v. Carnival Corp.*, Case No. 12-cv-21680, 2012 WL 4477504, at *3 (S.D. Fla. Sept. 26, 2012) (defendants are under no obligation to raise an issue preemptively at summary judgment that the plaintiffs first put into controversy in their response).

However, this Honorable Court declined to address PCSO's reply argument, but instead found that "[a] jury may very well believe Wagner's testimony that he felt something on his chest and perceived that Plaintiff had pushed him, such that ***he had probable cause to arrest her – though mistaken***" [Doc.72 at pg.19]. Hence, PCSO believes that this warrants reconsideration because if Plaintiff is willing to concede probable cause for the "battery on a law enforcement officer" charge, then this acts

as an absolute bar to her false arrest claim against PCSO in Count IV of her Amended Complaint. *Mathis v. Coats*, 24 So.3d 1284, 1289 (Fla. 2d DCA 2010) (citing *Bolanos v. Metro. Dade Cnty.*, 677 So.2d 1005, 1005 (Fla. 3d DCA 1996)); *see also Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).

As such, PCSO is entitled to a favorable ruling at summary judgment regarding Plaintiff's state false arrest claim in Count IV of her Amended Complaint in its entirety as a matter of law.

## CONCLUSION

Once reconsideration is granted and Plaintiff's lone arrest is analyzed as the "single incident or occurrence" that it was, then it will be clear that Defendant Wagner acted in "bad faith, with malicious purpose, or with willful and wanton disregard" for her rights. Further, once this lone arrest is analyzed by the objective reasonableness standard, as required, then it will be clear that the entire arrest was based on false statements by Defendant Wagner. Under either circumstance, both analyses must result in granting PCSO sovereign immunity as a matter of law. Lastly, should Plaintiff's unsupported request for the subjective perception probable cause determination be made, then her concession that probable cause existed requires a favorable judgment for PCSO as well.

**WHEREFORE**, PCSO respectfully requests that this Honorable Court grant partial reconsideration of its Order at summary judgment [Doc.72]; grant PCSO its rightful entitlement to the protections and limitations afforded through sovereign immunity as to Count IV of Plaintiff's Amended Complaint in its entirety; find that

Plaintiff's concession of probable cause entitles PCSO to a favorable ruling as to Count IV or Plaintiff's Amended Complaint in its entirety; enter a final judgment in favor of PCSO as to Counts IV and VI of Plaintiff's Amended Complaint in their entirety; and award PCSO the expenses associated with the filing of all summary judgment and reconsideration pleadings.

Respectfully submitted on this the 28th day of February, 2022,

*/s/ Jason G. Gordillo*
Jason G. Gordillo, Esquire
Attorney for Sheriff Bob Gualtieri
Florida Bar No.:  0399663
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, Florida 33778
Telephone:  727.582.6274
Facsimile:   727.582.6459
jgordillo@pcsonet.com
rreuss@pcsonet.com

## LOCAL RULE 3.01 CERTIFICATION

In accordance with Middle District Local Rule 3.01(g), the undersigned certifies that he has conferred, in good faith, with counsel for the Plaintiff, Jennifer Szymczak, Esquire, via telephonic conference on February 25, 2022. During this telephonic conference, Ms. Szymczak stated that Plaintiff objects to the relief requested herein.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record on this the 28th day of February, 2022.

                                             */s/ Jason G. Gordillo*
                                             Jason G. Gordillo, Esquire