UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAIGE LAINE KHYEL TAYLOR

        Plaintiff,

v.                              Case No. 8:20-cv-687-T-36SPF

DEPUTY WAYNE WAGNER; and
SHERIFF BOB GUALTIERI,
In his official capacity as
Sheriff of Pinellas County;

        Defendants.
_____

## PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION AND RESPONSE IN OPPOSITION TO DEFENDANT, SHERIFF'S, MOTION FOR RECONSIDERATION

**COMES NOW** the Plaintiff, PAIGE LAINE KHYEL TAYLOR, by and through the undersigned Counsel, and moves for reconsideration of the Court's Order Granting Partial Summary Judgement for Defendant, SHERIFF GUALTIERI, (Doc 72), responds in opposition to Defendant, Sheriff, Motion for Reconsideration (Doc 74) and would respectfully state as follows:

### I. STANDARD OF REVIEW

When a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. *Winsey v. Nationstar Mortg. LLC*, No. 8:17-CV-979-T-33AEP, 2017 WL

2931381, at *1 (M.D. Fla. July 10, 2017) citing *Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves.*, No. 8:15–cv–1117–T–33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999). Here, there is an error of fact which warrants reconsideration.

## STATE LAW BATTERY AGAINST SHERIFF SHOULD NOT BE DISMISSED

There are genuine issues of material fact as to whether Deputy Wagner acted with wanton and willful disregard of Ms. Taylor's rights and safety, therefore, the Court's decision to grant summary judgment on the basis of statutory immunity is improper.

This Court reasoned that, "[e]ven accepting as undisputed Wagner's testimony that his perception that night is that Plaintiff had pushed him, clear evidence shows that he continued to use force after the perceived need for the use of such force ceased to exist. [Doc 54-3 at 45: 9- 46: 4]." (Doc 72, p. 15) The Court incorrectly interpreted the facts and concluded Deputy Wagner's perception for the need for the use of force ceased following the push.

Instead, Deputy Wagner perceived additional resistance from Ms. Taylor following the push which necessitated the force. According to Deputy Wagner, when

he spun her around towards the truck, his focus was to get her against the truck and her hands behind her back to handcuff her. (Doc 54-3, 48:3-4, 49:5-7) Deputy Wagner testified Ms. Taylor used aggressive resistance following the push. (Doc 54-3, 78:10-13) Aggressive resistance includes bracing, tensing, pulling away and trying to get away. (Doc 54-3, 78: 14-20) According to Deputy Wagner, Ms. Taylor continued to try to pull away, so Deputy Wagner used an armbar takedown to direct Ms. Taylor to the ground. (Doc 54-3, 49:19-20) This is a maneuver Deputy Wagner was trained on in defensive tactics. (Doc 54-3, 49:14-23) Deputy Wagner's plan was to get Ms. Taylor prone on the ground and his perception was that she was offering resistance by trying to get her arms away, spinning around trying to get out of his grip and being resistant to his actions. (Doc 54-3, 50: 13-24)

If Deputy Wagner perceived the resistance, then his reaction, while excessive, would have been without malice or bad faith. A reasonable jury could determine that Defendant Wagner overreacted to what he perceived as Plaintiff's push and resistance. An officer is not required to err on the side of caution before he makes the decision to stop the threat that he perceived. *Marsh v. Butler County, Ala.,* 268 F. 3d 1014, 1032 (11th Cir. 2001). Moreover, excessive force does not by its inherent nature of being beyond what is necessary for the circumstance constitute malice per se.

If the jury believes Deputy Wagner's perception of events, a reasonable jury could find that Deputy Wagner's conduct during his battery on Ms. Taylor reflected the aggravated state of mind required under the "bad faith," "malice," and "wanton and willful" clauses of § 768.28(9)(a), *Fla. Stat.* Therefore, summary judgment should be denied as to the Sheriff's supplemental state law battery claim.

### **RESPONE IN OPPOSITION TO SHERIFF'S MOTION FOR RECONSIDERATION REGARDING STATE LAW FALSE ARREST AGAINST SHERIFF**

Defendant incorrectly analyzes arguable probable cause and malice together, when a separate analysis must be conducted. The Court is correct in not outright dismissing the false arrest claim against the Sheriff.

Arguable Probable Cause

Both Plaintiff and Sheriff agree there was not even arguable probable cause to arrest Plaintiff for any crime based on the objective undisputed facts presented in the video. There is no evidence that Ms. Taylor battered Deptuy Wagner or resisted arrest with violence. Whether an officer had arguable probable cause is based on an objective standard and does not include an examination of the officer's subjective intents or beliefs. *Andrews v. Scott*, 729 F. App'x 804, 809 (11th Cir. 2018). Deputy Wagner's perception that he was pushed or that Ms. Taylor resisted has no bearing on whether there is arguable probable cause to arrest Plaintiff. The contested issue

in this case is whether Deputy Wagner's actions were with malice or bad faith. Analyzing this issue, and this issue alone, is when Deputy Wagner's perception becomes relevant.

Defendant incorrectly argues that Plaintiff concedes there would have been probable cause to arrest Plaintiff. However, Plaintiff argues that if Deputy Wagner perceived the push or resistance then he would have had a colorable basis for the arrest. His perception has no bearing on probable cause but instead goes to whether the arrest was done with malice or bad faith.

<u>Malice or Bad Faith</u>

Even if arguable probable cause did not exist for the arrest, there is no evidence that Deputy Wagner arrested Ms. Taylor with "ill will, hatred, spite, [or] an evil intent," or that his actions were "worse than gross negligence," or were "more reprehensible and unacceptable than mere intentional conduct."

Deputy Wagner asserts he did not intentionally misstate the facts when he wrote his police report. (Doc 54-3, 66:6-8) Defendant Wagner arrested Plaintiff for "battery on a law enforcement officer" and "resisting an officer with violence." (Doc 61, p. 3 para. 19)  This arrest was based on Deputy Wagner's perception that night - Ms. Taylor pushed him and that would provide the valid legal basis to arrest her for battery on a law enforcement officer. (Doc 54-3, 48:7-9) The basis for the resisting

with violence charge encompassed the entire incident, including the resistance that occurred after Deputy Wagner grabbed her, put her against the truck and then on the ground. (Doc 54-3, 73:13-23) Deputy Wagner testified Ms. Taylor used aggressive resistance following the push. (Doc 54-3, 78:10-13) Aggressive resistance includes bracing, tensing, pulling away and trying to get away. (Doc 54-3, 78: 14-20) According to Deputy Wagner, Ms. Taylor continued to try to pull away, so Deputy Wagner used an armbar takedown to direct Ms. Taylor to the ground. (Doc 54-3, 49:19-20)

While ultimately the charges were dropped because the State could not prove that Ms. Taylor in fact pushed Deputy Wagner or resisted, that does not negate the fact that Deputy Wagner's claim that he perceived the push and resistance. Therefore, in his mind, he had a colorable basis to make the arrest. Even if arguable probable cause did not exist for the arrest, there is no evidence that Deputy Wagner arrested Ms. Taylor with "ill will, hatred, spite, [or] an evil intent," or that his actions were "worse than gross negligence," or were "more reprehensible and unacceptable than mere intentional conduct."

Based on the facts a reasonable jury could conclude the actions of Defendant, Deputy Wagner, were done in the course and scope of his employment with the Pinellas County Sheriff's Office and without malice or bad faith. These findings

would allow a jury to hold Defendant, Sheriff Gualtieri liable for Ms. Taylor's false arrest. These findings could be the conclusion of a reasonable jury. Thus, any summary judgement findings in favor of the Sheriff are improper and the ruling should be altered accordingly.

### IV. CONCLUSION

Based on the aforementioned reasons, the Court should grant Plaintiff's Motion for Reconsideration and deny Defendant, Sheriff Gualtieri's, Motion for Reconsideration.

**Respectfully submitted,**

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*

Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 3.01(G)

On February 25, 2022, Plaintiff's Counsel, Jennifer Szymczak, Esq. and Defense Counsel, Jason Gordillo, Esq. discussed, over the phone, both parties filing Motions for Reconsideration of the Order granting partial summary judgment. Counsel for Defendant, SHERIFF, does object to the requested relief.

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on this 8th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to Jason Gordillo, Esq and Richard Smith, Esq.

**MICHAEL P. MADDUX, P.A.**

*s/Michael P. Maddux*
Michael P. Maddux, Esquire