**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAIGE LAINE KHYEL TAYLOR,

    Plaintiff,

v.                                    Case No: 8:20-cv-687-CEH-MRM

WAYNE WAGNER and BOB
GUALTIERI,

    Defendants.

_____

**ORDER**

    This matter comes before the Court on the parties' motions for reconsideration of this Court's Order, dated February 11, 2022 (Doc. 72), granting-in-part and denying-in-part Defendant (Sheriff) Bob Gualtieri's Motion for Summary Judgment.  In his Motion for Reconsideration (Doc. 74), Sheriff Gualtieri seeks reconsideration of the Court's denial of summary judgment as to Count IV, false arrest, with respect to an arrest for battery on a law enforcement officer.  Plaintiff Paige Laine Khyel Taylor has also filed a Motion for Reconsideration (Doc. 83), seeking review of the Court's grant of summary judgment to Sheriff Gualtieri as to Count VI, battery.  Each party opposes the other's motion (Docs. 83, 84, 85).

    Having considered the submissions and being fully advised in their premises, the Court concludes that each party has failed to demonstrate sufficient grounds warranting reconsideration of the Court's order.

I. BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 and related state laws, alleging that her rights were violated by state actors during an incident on March 25, 2016. Doc. 33. While Pinellas County Sheriff's Deputy Wayne Wagner was the primary state actor involved in the incident, Plaintiff also alleges two claims against Pinellas County Sheriff Bob Gualtieri under a theory of vicarious liability. *Id.* Count IV asserts that Sheriff Gualtieri is vicariously liable for Wagner's false arrest of Plaintiff, while Count VI claims he is vicariously liable for Wagner's battery of Plaintiff. *Id.* at ¶¶ 50-57, 64-70.

Sheriff Gualtieri moved for summary judgment on both counts, arguing that they are barred by the doctrine of sovereign immunity because Wagner acted with bad faith, malicious purpose, or in a manner exhibiting wanton and willful disregard for Plaintiff's rights and safety. Doc. 55. In opposition, Plaintiff contended that a reasonable jury could find Wagner acted without malice when he committed the battery and false arrest, such that summary judgment was not warranted. Doc. 62.

The Court concluded that summary judgment in Sheriff Gualtieri's favor was warranted as to Count VI, battery, because there was no reasonable view of the evidence that Wagner did not act with wanton and willful disregard of Plaintiff's rights and safety when using excessive force against her during the arrest. Doc. 72 at 15-16. As to Count IV, false arrest, the Court found that summary judgment was warranted for Sheriff Gualtieri only to the extent the claim was based on an arrest for resisting an officer with violence. *Id.* at 19-20. To the extent it was based on an arrest for battery

on a law enforcement officer, however, the Court denied summary judgment because a reasonable jury could find that he did not act with malice. *Id.* at 18-19.

Both parties have moved for reconsideration under Rule 59(e), Federal Rules of Civil Procedure. Plaintiff requests reconsideration of the Court's ruling on Count VI, arguing that a reasonable jury could find that Wagner perceived Plaintiff was resisting him during the arrest. Doc. 83 at 2-4. Sheriff Gualtieri requests reconsideration of the Court's ruling on Count IV for several reasons, including that a single claim cannot be split in half; the standard for false arrest is objective, not subjective; and Plaintiff's concession that probable cause existed means the entire claim must be dismissed. Doc. 74.

## II.   LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy." *Ludwig v. Liberty Mutual Fire Insur. Co.*, 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, *3 (M.D. Fla March 30, 2005). As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996), citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the

need to correct clear error or manifest injustice. *Id.* (quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005)).

### III. DISCUSSION

**A. Plaintiff's Motion for Reconsideration – Count VI**

In her motion for reconsideration as to the grant of summary judgment on Count VI, battery, Plaintiff argues the Court incorrectly interpreted the facts when it concluded that Wagner's perception for the need for the use of force ceased following what he perceived was Plaintiff's push. Doc. 83 at 2. Instead, according to Plaintiff, a reasonable jury could credit his testimony that he perceived additional resistance, such as bracing or tensing, that necessitated continued force during the arrest. *Id.* at 3. This version of events would constitute excessive force but not necessarily malice. *Id.* As such, she asserts that summary judgment is not warranted on sovereign immunity grounds. *Id.* at 4.

4

Plaintiff's current arguments mirror the position she took in her opposition to Sheriff Gualtieri's motion for summary judgment. *See* Doc. 62 at 11, 13. The Court rejected that position, because the video evidence showed that Wagner continued to push Plaintiff's head into the pavement while pinning her down with his body weight and knee—after she had voluntarily placed her hands behind her back. Doc. 72 at 15. Based upon this evidence, no reasonable juror could conclude that Wagner perceived a need to use such force. *Id.* Plaintiff's contention that the Court erred in rejecting her previous argument fails to establish the clear error or manifest injustice necessary for reconsideration of the Court's Order. The Court agrees with Defendant that Plaintiff is merely attempting to relitigate the issues already decided, which is impermissible in a motion for reconsideration. Doc. 84 at 3; *Wilchombe*, 555 F.3d at 957; *Turk v. Crytzer*, 8:18-cv-2490-CEH-TGW, 2021 WL 5506781, *2 (M.D. Fla. Nov. 24, 2021) (Honeywell, J.) (denying motion for reconsideration of grant of summary judgment that was an attempt to relitigate the issues already decided).

Further, Plaintiff's reliance on *Butler v. Gualtieri*, 41 F.4th 1329 (11th Cir. 2022), in its Notice of Supplemental Authority is unavailing. *See* Doc. 88. In *Butler*, the Eleventh Circuit upheld the denial of summary judgment in Sheriff Gualtieri's favor because there was a genuine dispute of material fact concerning whether sovereign immunity barred a state law battery claim. *Id.* In contrast to the instant case, however, the evidence in *Butler* included multiple conflicting pieces of evidence, such as an ambiguous video and the differing accounts of police officers who viewed it, which could lead a jury to credit the police officer's perception of events. *Id.* at 1338-39.

Significant disputed facts about the plaintiff's actions and the officer's state of mind therefore precluded a finding that the claim against the sheriff was barred by sovereign immunity as a matter of law. *Id.* *Butler* does not warrant reconsideration of this Court's grant of summary judgment as to Count VI.

B. **Defendant's Motion for Reconsideration – Count IV**

Sheriff Gualtieri raises a number of arguments in support of his request that the Court reconsider its ruling as to Count IV, false arrest. The Court denied summary judgment on sovereign immunity grounds to the extent that the claim is based on an arrest for battery of a law enforcement officer, while granting summary judgment to the extent the claim is based on an arrest for resisting an officer with violence. Doc. 72 at 19-20. Each of Sheriff Gualtieri's arguments will be taken in turn.

First, Sheriff Gualtieri asserts that it was improper to break up the false arrest analysis and determine that sovereign immunity would apply to one charge but not another. Doc. 74 at 6-8. Although he argues that no Florida or Eleventh Circuit jurisprudence allows for doing so, he fails to provide any authority to the contrary. *Id.* at 6. Specifically, he identifies no authority for his contention that "once sovereign authority attaches to an arrest, then it attaches to the entire arrest—not just part of it." *Id.* at 7. But this reasoning does not withstand scrutiny.

As Sheriff Gualtieri correctly notes, an arrest is an "unlawful restraint," for the purpose of a false arrest claim, if the arresting officer lacks probable cause for *any* offense, not only the offense he identified. Doc. 74 at 6-7; *Lee v. Ferraro*, 284 F.3d 1188, 1196 (11th Cir. 2002). Here, there were two possible offenses underlying Taylor's

6

arrest: battery of a law enforcement officer and resisting an officer with violence.[1] The Court was required to review each offense asserted as the basis for the arrest in its analysis of malice. The Court concluded that a reasonable jury could find Wagner did not act with malice or bad faith to the extent that he arrested Taylor for battery of a law enforcement officer. Even though the arrest would have lacked probable cause, a jury could credit Wagner's unrefuted statement that he arrested her because he believed, mistakenly, that he felt a shove. Doc. 72 at 19. Sovereign immunity only attaches to those acts that were committed in bad faith or with malicious purpose. Fla. Stat. § 768.28(9)(a). Accordingly, sovereign immunity would not protect Sheriff Gualtieri from liability in this scenario.

The Court further concluded that no reasonable jury could find Wagner did not act in bad faith to the extent he arrested Taylor for resistance with violence. Doc. 72 at 20. Sheriff Gualtieri asserts that this finding should be the dispositive one. In his view, he should be immune from liability even if the arrest was *not* executed in bad faith, simply because there was another possible ground for arrest that would have been. But this view is not consistent with the sovereign immunity statute. The Court therefore declines to reconsider its Order on this basis.

Next, Sheriff Gualtieri contends that the Court applied the law improperly by focusing on Wagner's subjective perception rather than his objective intent. Doc. 74 at 9-10. However, as Plaintiff correctly points out, Sheriff Gualtieri's argument conflates

---

[1] There is no dispute, however, that Plaintiff was only arrested once. *Cf.* Doc. 74 at 6 n.2, 7 n.4.

7

the analyses for probable cause and sovereign immunity. Doc. 83 at 4-5. While probable cause requires an objective analysis, the application of sovereign immunity requires assessment of an officer's perceptions and intent in order to determine whether he acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a); *see Eiras v. Florida*, 239 F.Supp.3d 1331, 1343 (M.D. Fla. 2017) (after review of Florida caselaw, concluding the bad faith prong is equivalent to an "actual malice" standard that "means the conduct must be committed with ill will, hatred, or an evil intent") (citations and quotations omitted); *Butler v. Gualtieri*, 41 F.4th at 1336-37 (noting that Florida jury instructions define "wanton" behavior as "acting with a conscious and intentional indifference to consequence" and that "willful" conduct is intentional). This analysis is inherently subjective. Sheriff Gualtieri is therefore wrong to claim that Wagner's subjective perception and intent should have had no bearing on this Court's decision.

Sheriff Gualtieri's argument that Plaintiff admitted there was probable cause for the arrest is based on a related misconception. Doc. 74 at 12-14. In Plaintiff's opposition to Sheriff Gualtieri's motion for summary judgment, she argued that sovereign immunity did not necessarily apply because Wagner arrested her "based on [his] perception that night [that] Ms. Taylor pushed him," which gave him a "colorable basis to make the arrest." Doc. 62 at 17. Plaintiff then characterized this concept as "arguable probable cause." *Id.* It is well-settled that arguable probable cause is distinct from actual probable cause; arguable probable cause is based on the officer's subjective

8

belief. *See*, *e.g.*, *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010). Plaintiff's arguments plainly referred to Wagner's alleged *perception*, though mistaken, that he had probable cause to arrest her. *See* Doc. 83 at 5. The Court therefore rejects Sheriff Gualtieri's claim that Plaintiff has conceded there was probable cause for her arrest.

Finally, Sheriff Gualtieri asserts that the Court erred in crediting Wagner's statement that he perceived a shove because it was contradicted by the undisputed evidence. Doc. 74 at 10-12. He further argues that the Court's ruling was inconsistent because it found that a reasonable jury could credit some but not all of Wagner's stated perceptions. *Id.* at 8; Doc. 85 at 3. Sheriff Gualtieri has not established that the Court clearly erred in its ruling with respect to either argument. Rather, different results between the two counts were warranted by differences in the evidence.

With respect to Count VI, the Court ruled: "Even accepting as undisputed Wagner's testimony that his perception that night is that Plaintiff had pushed him, clear evidence shows that he continued to use force after the perceived need for the use of such force ceased to exist." Doc. 72 at 15. In other words, the Court found that the force Wagner used once Taylor was on the ground was excessive regardless of his perception. Moreover, Taylor's actions in voluntarily putting her arms behind her back refuted any possible perception that she was continuing to resist at that point. The video evidence therefore precludes a finding that Wagner did not act with wanton disregard for Taylor's rights when he violently restrained her despite her obvious cooperation. Because no reasonable jury could credit Wagner's testimony that his

9

perception permitted him to use that level of force or to arrest her for resisting with violence, sovereign immunity insulates Sheriff Gualtieri from those claims.

In contrast, the evidence regarding Wagner's perception of the shove is less clear. It is uncontroverted that the shove did not occur, as the video indisputably demonstrates and this Court repeatedly acknowledged. Doc. 72 at 6, 14, 18, 19; *cf.* Doc. 74 at 10 (stating this Court "ignored" Wagner's admission that the video does not show a shove). But also unrefuted is Wagner's consistent claim that he *believed* he had been shoved,[2] leading him to initiate the arrest. *See id.* at 19. The video evidence contradicts his initial statements that the shove actually occurred, but—unlike with the alleged resistance—it does not contradict his claim that he honestly believed it did. The cases Sheriff Gualtieri cites in which video evidence contradicted a witness's testimony are therefore inapposite. Doc. 85 at 2; Doc. 74 at 10.[3] A jury could choose to credit Wagner's testimony and find that he did not act with bad faith, actual malice, or wanton disregard for Taylor's rights, even while concluding that he had no lawful

---

[2] Wagner has continued to state his belief that he felt a shove, even while conceding that it did not occur, as recently as in his deposition. Doc. 54-3 at 54:2-5 ("I … still to this day do believe that I felt a push or a shove off of my chest. And that's why I reacted the way I reacted.").

[3] One of the cases on which Sheriff Gualtieri relies bolsters the Court's conclusion. In *Fennell v. Gilstrap*, 559 F.3d 1212, 1215 n.3 (11th Cir. 2009*, abrogated on other grounds*, video evidence showed that the defendant police officer kicked the plaintiff in the head. But the court emphasized that the video did not contradict the officer's testimony that he *intended* to kick him in the arm to try to break his hold loose. *Id.* That testimony was therefore uncontradicted for the purpose of summary judgment. *Id.*; *id.* at 1219. Here, too, Wagner's testimony that he believed he was shoved is uncontradicted.

basis to arrest her. Sheriff Gualtieri has not demonstrated that the denial of summary judgment on this aspect of the count was clearly erroneous.

Because neither party has made a showing that the Court's Order on Sheriff Gualtieri's partial motion for summary judgment was the product of clear and obvious error such that the "interests of justice demand correction," *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996) (citation omitted), both motions for reconsideration must be denied.

Accordingly, it is **ORDERED:**

1. Defendant Bob Gualtieri's Motion for Reconsideration (Doc. 74) is **DENIED**.

2. Plaintiff Paige Laine Khyel Taylor's Motion for Reconsideration (Doc. 88) is **DENIED**.

3. On or before February 3, 2023, the parties shall file a joint notice which advises the Court of their availability for trial during the remaining months in 2023 and in 2024. Thereafter, the Court will enter an amended Case Management and Scheduling Order which includes pretrial deadlines and sets the case for trial.

**DONE** and **ORDERED** in Tampa, Florida on January 20, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record; Unrepresented Parties

11