UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAIGE LAINE KHYEL TAYLOR,

    Plaintiff,

v.       Case No: 8:20-cv-687-CEH-MRM

WAYNE WAGNER and BOB
GUALTIERI,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Dismiss All Claims Against Defendant Deputy Wayne Wagner (Doc. 125). In the motion, she seeks to dismiss all claims against Deputy Wagner pursuant to Fed. R. Civ. P. 41(a)(2). Defendant (Sheriff) Bob Gualtieri opposes the motion (Doc. 129).

Upon review and due consideration, and being fully advised in the premises, the Court will grant the motion and dismiss the claims against Deputy Wagner with prejudice. In addition, the Court will decline to exercise supplemental jurisdiction over the remaining state law claim against Sheriff Gualtieri.

## BACKGROUND

The Amended Complaint alleges the following claims:

Count I: § 1983 excessive force against Deputy Wagner
Count II: § 1983 false arrest against Deputy Wagner
Count III: State law false arrest against Deputy Wagner
Count IV: State law false arrest against Sheriff Gualtieri
Count V: State law battery against Deputy Wagner

Count VI: State law battery against Sheriff Gualtieri

Doc. 33.

The Court granted summary judgment for Sheriff Gualtieri on sovereign immunity grounds as to Count VI, and as to Count IV to the extent the false arrest was based on resisting an officer with violence. Doc. 72. The Court declined to grant summary judgment as to Count IV to the extent the false arrest was based on battery on a law enforcement officer. Doc. 72 at 18-19. Sheriff Gualtieri unsuccessfully challenged this finding in a motion for reconsideration and on appeal. *See* Docs. 89, 95, 97; *Taylor v. Sheriff, Pinellas Cnty.*, No. 23-10538, 2023 WL 8368843 (11th Cir. Dec. 4, 2023).

Plaintiff now moves under Fed. R. Civ. P. 41(a)(2) to dismiss with prejudice her claims against Deputy Wagner, pursuant to a settlement between them. Doc. 125; *see* Docs. 106, 118.[1] She indicates that Deputy Wagner does not object to her motion, but that Sheriff Gualtieri does. Doc. 125 at 5.

Sheriff Gualtieri filed a response in opposition to Plaintiff's motion. Doc. 129. He first argues that a partial dismissal of claims is not permitted under Rule 41, which refers only to dismissal of "an action." *Id.* at 3-4. Second, he contends that he is entitled to a dismissal with prejudice of the remaining count against him, Count IV,

---

[1] Initially, Plaintiff and Deputy Wagner filed a Joint Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii). Doc. 118. However, the Court found that the stipulation did not effect a dismissal of the claims against Deputy Wagner, because it was not signed by all parties who have appeared—specifically, it was not signed by Sheriff Gualtieri. *See* Doc. 119, citing Fed. R. Civ. P. 41(a)(1)(A)(ii) and *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023).

because of sovereign immunity. *Id.* at 4-10. In this section of his response in opposition,[2] he challenges Plaintiff's claim that she and Deputy Wagner have reached a settlement only as to the excessive force claims (Counts I and V), and that she has chosen to voluntarily dismiss the false arrest claims against Wagner (Counts II and III). He argues this claim is inconsistent with her Notice of Settlement, which indicated that she and Deputy Wagner had resolved "all claims" between them. Doc. 106; *see also* Doc. 118. Because only an agency or an employee—but not both—can be held liable for the same conduct under Florida's sovereign immunity statute, Sheriff Gualtieri would be entitled to sovereign immunity if Deputy Wagner were held liable for the false arrest claims as part of the settlement agreement. *See McGhee v. Volusia Cnty.*, 679 So.2d 729, 733 (Fla. 1996).[3]

Third, Sheriff Gualtieri submits that Count IV, a state law claim, must be dismissed without prejudice due to lack of subject matter jurisdiction now that it is the only remaining claim in the action. Doc. 129 at 11-13. He asks the Court to decline to exercise supplemental jurisdiction, sharing his confidence that "sovereign immunity can quickly be obtained in state court" if not by this Court. *Id.* at 12.

---

[2] This section largely consists of the same arguments Sheriff Gualtieri raised in his recent motion for reconsideration or to dismiss for lack of jurisdiction (Doc. 107), which he filed in response to Plaintiff's Notice of Settlement (Doc. 106). The Court denied the motion without prejudice as premature, because the claims against Deputy Wagner had not yet been dismissed. Doc. 121.

[3] Sheriff Gualtieri also continues to raise the same arguments for sovereign immunity that he presented in his motion for summary judgment, motion for reconsideration, and appeal. Doc. 129 at 7-10; *see* Doc. 89, 95, 97. The Court will not revisit its prior rulings.

## DISCUSSION

Fed. R. Civ. P. 41(a) permits a voluntary dismissal of "an action" either with or without a court order. The Eleventh Circuit has long held that "'Rule 41(a) does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.'" *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023), quoting *Perry v. Schumacher Group of La.*, 891 F.3d 954, 958 (11th Cir. 2018). Rather, "a Rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim." *Rosell*, 67 F.4th at 1144.

However, the Eleventh Circuit has also made clear that Rule 41(a) permits a plaintiff to dismiss one defendant from an action, even where that action would remain pending against another defendant. *Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023), citing *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253-55 (5th Cir. 1973);[4] *see also, e.g.*, *Rosell*, 67 F.4th at 1144 n.2 ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*.") (emphasis in original), citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) and *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023). Based on this precedent, the *Sanchez* court concluded that a Rule 41(a)(2) dismissal of all claims against one defendant while the claims against the other defendant remained pending "satisfied Rule 41(a)(2)'s requirements and so was effective to dismiss" the first defendant. 84 F.4th at 1293.

---

[4] In *Bonner v. Pritchard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

In arguing that Rule 41 does not permit the Court to dismiss claims against only one defendant, Sheriff Gualtieri relies on *Rosell*, *Esteva*, and *Klay*. Doc. 129 at 3-4. He fails to acknowledge, however, that those cases affirmatively condone the practice. Pursuant to the Eleventh Circuit's binding caselaw, the Court will grant Plaintiff's motion and dismiss the counts against Deputy Wagner pursuant to Rule 41(a)(2).

The remaining count, Count IV, is a state law claim of false arrest against Sheriff Gualtieri. Although Sheriff Gualtieri opposes the dismissal of the claims against Deputy Wagner, he also argues that the Court should not exercise supplemental jurisdiction over Count IV, "now that Plaintiff and Wagner have settled the federal and state causes of action between them." Doc. 129 at 11. Setting aside the inconsistency of these positions, the Court agrees that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Therefore, the Court will decline to exercise its supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").[5]

---

[5] Accordingly, the Court does not reach the remainder of Sheriff Gualtieri's arguments, except as stated in n.3, *supra*.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Dismiss All Claims Against Defendant Deputy Wayne Wagner (Doc. 125) is **GRANTED**. Plaintiff's claims against Deputy Wagner, only—Counts I, II, III, and V of the Amended Complaint (Doc. 33)—are dismissed from this action, with prejudice. The Clerk is directed to terminate Deputy Wagner as a party to this case.

2. Pursuant to this Court's Order dated February 11, 2022 (Doc. 72), the Clerk is directed to enter Judgment in favor of Defendant Sheriff Bob Gualtieri and against Plaintiff Paige Laine Khyel Taylor as to Count VI (battery) of the Amended Complaint.

3. The Court declines to exercise supplemental jurisdiction over the remaining state law claim against Defendant Sheriff Bob Gualtieri in Count IV (false arrest) of the Amended Complaint. Count IV (false arrest) is **dismissed without prejudice** as to Sheriff Gualtieri.

4. The Clerk is further directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties