UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAIGE LAINE KHYEL TAYLOR,

    Plaintiff,

v.                                      Case No: 8:20-cv-687-CEH-MRM

BOB GUALTIERI,

    Defendant.
_____

## ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Natalie Hirt Adams (Doc. 139). In the R&R, Magistrate Judge Adams recommends that Defendant (Sheriff) Bob Gualtieri's Motion for an Award of Costs (Doc. 133) be granted-in-part and denied-in-part, and that Sheriff Gualtieri be awarded a total of $2,879.25 in costs.

Plaintiff Paige Laine Khyel Taylor has filed an Objection to the R&R in accordance with 28 U.S.C. § 636(b)(1), and Defendant has responded in opposition. Docs. 140, 141. Upon consideration of the R&R, Plaintiff's objection, and the Court's independent examination of the file, the Court will overrule the objection, adopt the R&R, and grant-in-part and deny-in-part the motion for costs.

## BACKGROUND

In this 42 U.S.C. § 1983 action, Plaintiff asserted claims relating to the use of excessive force and a false arrest by former Pinellas County Sheriff's Deputy Wayne

Wagner, as well as two claims against Pinellas County Sheriff Gualtieri under a theory of vicarious liability. Doc. 33. The Court granted summary judgment to Sheriff Gualtieri as to the count of battery, finding that it was barred by sovereign immunity. The Court determined that the only reasonable view of the evidence was that Wagner acted with wanton and willful disregard of Plaintiff's rights and safety when using excessive force against her during the arrest. Doc. 72. The Court denied summary judgment as to the second count against Sheriff Gualtieri, false arrest, because a reasonable jury could find that Wagner did not act with malice in falsely arresting Plaintiff for battery on a law enforcement officer. *Id.* Sheriff Gualtieri unsuccessfully appealed the order denying summary judgment as to the second count. *See* Docs. 95, 97.

Plaintiff ultimately settled her claims against Wagner, and the Court granted her motion to dismiss those claims. Doc. 130. Because the only claim left in the action, false arrest against Sheriff Gualtieri, arose under state law, the Court declined to exercise supplemental jurisdiction and dismissed it without prejudice. *Id.* Before closing the case, the Court entered judgment in Sheriff Gualtieri's favor as to the count of battery. Doc. 131.

Sheriff Gualtieri has moved for an award of costs pursuant to Fed. R. Civ. P. 54(d), as a prevailing party. *See* Doc. 133-1. He requests a total of $3,905.99 for costs relating to transcript fees and copies. Doc. 133.

Plaintiff opposes an award of costs. Doc. 134. Although she does not contest that Sheriff Gualtieri is a prevailing party, she argues that equitable considerations

warrant the Court's exercise of its discretion to deny the request for costs. *Id.* at 3-5. She emphasizes the strong public policy in favor of civil rights actions, and argues that an award of costs where she was a victim of police misconduct would only serve to add insult to injury. *Id.* Plaintiff also asks the Court to take into account her financial status, stating that she has had difficulty maintaining long-term employment because of her injuries. *Id.* at 6. Finally, she challenges certain costs asserted by Sheriff Gualtieri as unnecessary and not recoverable. *Id.* at 7-13.

The Magistrate Judge recommends granting-in-part the motion for costs, to the extent that the Court awards Sheriff Gualtieri $2,879.25. Doc. 139. The Magistrate Judge first recommends that the Court decline Plaintiff's invitation to exercise its discretion not to award costs merely because the action is a civil rights case. *Id.* at 6-7. While acknowledging that civil rights cases can benefit the community, she concludes that Plaintiff's request amounts to the creation of a civil rights case exception to Rule 54(d)(1), which is the job of Congress rather than the courts. *Id.* Further, the Magistrate Judge observes that Plaintiff's request for a reduction of a costs award due to her financial status is entirely unsupported by documentation, leaving the Court with no basis for a reduction. *Id.* at 20-21. Finally, the Magistrate Judge addresses the parties' requests and challenges with respect to each category of costs, determining that $2,879.25 of Sheriff Gualtier's listed costs were reasonable, necessary, and recoverable under 28 U.S.C. § 1920. *Id.* at 7-20.

Only Plaintiff objects to the R&R. Doc. 140. She argues that the Magistrate Judge erred in recommending that the Court decline to exercise its discretion to deny

costs, because such an award would have a chilling effect on future civil rights litigants who pursue their claims in good faith, like Plaintiff. *Id.*

Responding in opposition to the objection, Sheriff Gualtieri argues that Plaintiff has not met her burden of showing that the recommended award of costs is not warranted. Doc. 141. He contends that the Magistrate Judge was correct to recommend against Plaintiff's requested civil rights exemption, particularly because Plaintiff chose to pursue mutually exclusive claims. *Id.* at 3-4. Sheriff Gualtieri also points out that Plaintiff relies on a case in which the party opposing costs had filed an affidavit to demonstrate his meager financial resources, unlike here. *Id.* at 4-5, citing *Moore v. Peterman*, No. 8:13-cv-2660-TBM, Doc. 83 (M.D. Fla. March 11, 2016).

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to prepare recommendations for the disposition of a motion. A party may file written objections to the proposed findings and recommendations. *Id.* § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

4

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Whether to award costs to a prevailing party is in a court's discretion. *See*, *e.g.*, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565 (2012). The types of costs that are reimbursable under Rule 54(d) are exclusively defined by 28 U.S.C. § 1920. *Id.* (citations omitted).

## DISCUSSION

The Court's discretion not to award costs to a prevailing party is "not unfettered," and must be supported by a "sound basis." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000), quoting *Walters Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) ("since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.").

The Court agrees with the Magistrate Judge that the mere fact that Plaintiff asserted civil rights claims is not a sound basis to decline to award costs to the undisputed prevailing party. As the Magistrate Judge points out, Plaintiff's request amounts to an exception to Rule 54(d)(1) for civil rights plaintiffs who pursue their claims in good faith. The legislature has declined to create such an exception. Indeed, Congress expressly provided for awards of attorney's fees in civil rights cases in 42 U.S.C. § 1988, but failed to include an exemption for costs. Nor does Plaintiff identify any instance, in the decades since *City of Riverside v. Rivera*, 477 U.S. 561 (1986), in

which a court has applied the Supreme Court's reasoning in *Rivera*[1] to reach the broad conclusion Plaintiff advocates. If, as Plaintiff contends, the award of costs against unsuccessful civil rights plaintiffs has a chilling effect on civil rights litigation and is inconsistent with public policy, it is the legislature's role to resolve that issue. But Plaintiff has not demonstrated that this Court should depart from Rule 54(d)(1) in her case—particularly given her failure to provide documentation in support of her claim of financial hardship. *Cf. Moore v. Peterman*, No. 8:13-cv-2660-TBM, Doc. 83 (M.D. Fla. March 11, 2016) (declining to assess costs against civil rights plaintiff who submitted a financial affidavit); *see Chapman*, 229 F.3d at 1039 ("If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay.").

Moreover, Plaintiff does not dispute that Sheriff Gualtieri was the prevailing party with respect to the claim of battery. Plaintiff pursued the battery claim against Sheriff Gualtieri as an alternative to the same claim against Wagner. *See, e.g., Rice v. Dept. of Corrections*, No. 3:20-cv-1206, 2023 WL 3645606, *4 (M.D. Fla. May 25, 2023) ("Under Florida's sovereign immunity statute, tort claims against a state agency and its employee for the same conduct are mutually exclusive[.]"), quoting *McGee v. Volusia*

---

[1] In *Rivera*, the Supreme Court rejected the government's argument that § 1988 attorney's fees should be capped at the amount of damages the plaintiff recovers. 477 U.S. at 573- 581. The court discussed at length the public interest that a civil rights plaintiff serves, in contrast to other types of tort suits, and found that the legislature enacted § 1988 in order to promote this public benefit. *Id.* As the Magistrate Judge observes, however, the *Rivera* decision "upheld the broader tradition of fee shifting based on outcome." Doc. 139 at 6.

*Cnty.*, 679 So.2d 729, 733 (Fla. 1996) ("In any given situation either the agency can be held liable…or the employee, but not both."). It was Plaintiff's prerogative to allege these mutually exclusive alternative theories, and she may have believed it would provide her the best chance of recovery. But that strategy also carried the risk that she would be subject to the payment of costs under Rule 54(d)(1) to whichever defendant prevailed. The Court finds that Plaintiff's assumption of that risk is not inconsistent with *City of Riverside v. Rivera* and the public policy in favor of civil rights suits.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 140) is overruled.

2. The Report and Recommendation entered by United States Magistrate Judge Natalie Hirt Adams on May 28, 2025 (Doc. 139) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3. Defendant (Sheriff) Bob Gualtieri's Motion for an Award of Costs (Doc. 133) is granted-in-part and denied-in-part.

    a. The motion is granted to the extent that costs in the amount of $2,879.25 are awarded to Defendant (Sheriff) Bob Gualtieri under Fed. R. Civ. P. 54(d)(1).

    b. The motion is otherwise denied.

**DONE** and **ORDERED** in Tampa, Florida on August 29, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties